IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LOREN COOK,

    Petitioner,                     No. CIV S 02-2240 LKK GGH P

    vs.

ANTHONY LA MARQUE,

    Respondents.                ORDER

_____/

      Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On November 1, 2007, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner has filed objections to the findings and recommendations to which respondent has filed a reply.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. The court adopts the findings and recommendations with respect to both the jury misconduct claim and the Batson claim but adds several important caveats with respect to the latter.

1

1    First, the court denies the petition because it applies mixed motives analysis; absent this analysis, the court would grant the petition. The findings and recommendations, on the other hand, recommended denying the petition even without mixed motives analysis. With respect to juror Watkins, the court finds that legitimate and illegitimate reasons both independently motivated the strike.[1] While juror Watkins indicated that her brother had been wrongly convicted -- the non-discriminatory reason that motivated the strike -- the prosecutor went on to surmise that she would therefore believe that African-Americans were treated differently in the criminal justice system, even though Ms. Watkins had never expressed such a belief -- the discriminatory reason that also motivated the strike. Absent mixed motives analysis, the court would conclude that the discriminatory reason tainted the peremptory strike and grant habeas relief on that basis.

Second, the court adopts mixed motives analysis based on the weight of existing federal precedent. See Howard v. Senkowski, 986 F.2d 24, 27-30 (2d Cir. 1993); Gattis v. Snyder, 278 F.3d 222, 232-35 (3d Cir. 2002); Jones v. Plaster, 57 F.3d 417, 420-22 (4th Cir.1995); United States v. Darden, 70 F.3d 1507, 1530-32 (8th Cir. 1995); Wallace v. Morrison, 87 F.3d 1271, 1274-75 (11th Cir. 1996). If the court were to decide the matter in the first instance, however, it would likely come to a different conclusion. First, mixed motives analysis permits even blatant instances of discrimination to go undeterred, so long as there exists a non-discriminatory reason to save the strike. Second, mixed motives analysis risks eroding public confidence in the neutrality of the criminal justice system. See Wilkerson v. Texas, 493 U.S. 924, 928 (1989) (Marshall, J., dissenting from denial of certiorari) (describing racial discrimination in jury selection as "perhaps the greatest embarrassment in the administration of our criminal justice system"). Finally, the already-difficult task of ferreting out discrimination in jury selection is made even harder under mixed motives analysis, because the court must engage in what is often

---

[1] With respect to the remaining jurors, the court agrees that even without mixed motives analysis, the reasons provided for the strikes were non-pretextual.

counterfactual reasoning (e.g., what would a prosecutor have done if he or she did not hold a discriminatory motive?). See generally Russell Covey, The Unbearable Lightness of Batson: Mixed Motives and Discrimination in July Selection, 66 Md. L. Rev. 279 (2007). Whatever the merits of mixed motives analysis at the trial court level, it is ill-suited for collateral and direct review.

Nevertheless, the court adopts mixed motives analysis based on its universal adoption by the federal courts of appeal to have considered the issue. To the extent that the Ninth Circuit rules otherwise, the court would grant the petition.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations relevant to petitioner's Batson claim, and the findings and recommendations relevant to the jury misconduct claim, are adopted in part; and

2. The petition is denied.

DATED: April 9, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT